## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ARTISAN/AMERICAN CORP., ALVIN** | § | |
| **MANOR, LTD., ALVIN MANOR** | § | |
| **ESTATES LTD., and INLAND** | § | |
| **GENERAL CONSTRUCTION CO.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:07-cv-2899** |
| | § | |
| **THE CITY OF ALVIN** | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Transfer Venue. (Docket No.

5.) Defendant has asked the Court, in the interest of justice, to transfer this case to the

Galveston Division of the Southern District of Texas. For the following reasons,

Defendant's Motion to Transfer Venue must be **DENIED.**

Defendant explains that it is situated in Brazoria County, which is in the

Galveston Division, that the citizens of Alvin and Brazoria County will be most impacted

by a trial of this case, and that and that the jury pool for the Houston Division does not

include the residents of Brazoria County. Defendant also argues that important witnesses

and evidence are likely to be located in Brazoria County and that it is more convenient

for City officers and employees to appear in Galveston. Defendant additionally

maintains that it is inappropriate for Plaintiffs to bring this case in Houston after securing

a remand of a related lawsuit from the Galveston Division to state court.

Plaintiffs, on the other hand, argue that a transfer to the Galveston division will

not be more convenient because, among other things, counsel for both Plaintiff and

Defendant have offices in Houston and because the City of Alvin is equidistant from the Houston and Galveston courthouses  Plaintiffs also maintain that a preference for one division's jury pool is not grounds for a transfer. They additionally claim that there is nothing about the remand of the prior proceedings that affect the convenience or equity of proceeding with this lawsuit in Houston.  Finally, Plaintiffs point out that there is currently no sitting judge in the Galveston Division.

Plaintiffs are correct that the Galveston and Houston Divisions are currently merged, and there is no Galveston Division to which the Court could transfer the case. Thus, the case must continue to proceed in the Houston Division.  Where the case will actually be tried is an issue that the Court will decide at a later date.

**IT IS SO ORDERED.**

**SIGNED** this day of December, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER
SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT
ONE BY THE COURT