UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTISAN/AMERICAN CORP., ALVIN MANOR, LTD., ALVIN MANOR ESTATES LTD., and INLAND GENERAL CONSTRUCTION CO. | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:07-cv-2899 |
| THE CITY OF ALVIN, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Attorney's Fees. (Doc. No. 25.) For the following reasons, Defendant's Motion will be denied.

## I. BACKGROUND

This lawsuit arises from Defendant City of Alvin's refusal to grant a permit to allow Plaintiffs, Artisan/American Corp. ("Artisan/American"), Alvin Manor, Ltd., Alvin Manor Estates, Ltd. ("AME"), and Inland Construction Co. to build a low-income housing apartment project in the City of Alvin. In September 2006, Artisan/American and AME filed a lawsuit in state court in the 412th District Court of Brazoria County seeking an injunction to require the City to approve a building permit for the housing project (the "Brazoria County suit"). (Pl. Orig. Pet., Doc. No. 18, Ex. B.) Plaintiffs later amended their September 2006 petition for an injunction to ask, in the alternative, for damages under the state and federal fair housing acts. (Pl. Am. Pet., Doc. No. 18, Ex. C.) The City removed the action and the District Court granted Plaintiffs' Motion to Remand after Artisan/American and AME explained that the amended petition's references to the

1

Federal Fair Housing Act were a mistake. (Doc. No. 18, Ex. H.) In the remand order, Judge Samuel Kent wrote that Artisan/American and AME would be assessed $5000 in removal costs if the case were again before the court because Artisan/American added claims under the Federal Fair Housing Act (the "statement"). *See Artisan/American Corp. v. City of Alvin*, C.A. No. G-07-033, 2007 WL 471001, *3 (S.D.Tex. Feb. 9, 2007) (Kent, J.). Artisan/American subsequently non-suited the Brazoria County suit. Plaintiffs then filed the instant lawsuit in the Houston Division of the Southern District of Texas, alleging violations of the state and federal fair housing acts. In November 2008, the Court granted Defendant's Motion for Summary Judgment on all Plaintiffs' claims. (Doc. No. 24.) Defendant then filed this Motion to enforce Judge Kent's statement and to seek the attorneys' fees and costs expended in removing and defending against remand of the Brazoria County suit.

## II. ATTORNEY'S FEES

Defendant asks for $4,405.50 in attorney's fees and costs and argues that assessment of the costs of removal is appropriate when a plaintiff abuses the judicial process and wastes judicial resources. Plaintiffs do not contest the reasonableness of the fees and costs. They distinguish the Brazoria County suit from the instant lawsuit because that suit was based on state law and sought an injunction to require the City to approve the projects. In contrast, Plaintiffs contend that the instant action is based on federal law and sought damages. Plaintiffs contend that Judge Kent intended to assess fees only if Plaintiffs added a federal claim in the Brazoria County case, such that the case would be removed a second time. Plaintiffs contend that Judge Kent's statement should have no binding effect in this action for damages. Moreover, Plaintiffs explain that Judge Kent's

statement was not made on motion of the Defendant or with the benefit of briefing or argument.

The intent of Judge Kent's statement in the remand order is unclear and Plaintiffs' argument—that fees were to be assessed only upon a second removal of the Brazoria County suit—seems plausible. More importantly, however, the Court is hesitant to impose sanctions or fees, especially absent a clear statutory mandate. No party has argued that statutory or Rule 11 sanctions are appropriate in this case, Defendant provides no statutory authority or controlling precedent to support its position, and Judge Kent's statement does not bind this Court. The Court declines to impose fees or costs.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 18th day of February, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT
ONE BY THE COURT